**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TREVOR LITTLE,

                    Petitioner,

v.                                                    CIVIL ACTION NO.   2:12-cv-08385

UNITED STATES OF AMERICA,

                    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's Petition for Writ of *Audita Querela*, Pursuant to the All Writs Act 28 U.S.C. § 1651(a) (the "Petition"), (ECF No. 1), Petitioner's requests for appointment of counsel and funding for expert witnesses (the "Requests for Attorney and Funding"), (ECF No. 4 at 2–3), Petitioner's request for an evidentiary hearing (the "Request for Hearing"), (ECF No. 5 at 1), and Respondent's request to dismiss the Petition (the "Request to Dismiss"), (ECF No. 29 at 6–7). By Standing Order filed in this case on December 3, 2012, this action was referred to United States Magistrate Judge Mary E. Stanley for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (ECF No. 2.) On March 20, 2014, the Clerk transferred the referral of this case from Magistrate Judge Stanley to United States Magistrate Judge Dwane L. Tinsley. (ECF No. 8.) On January 28, 2016, Magistrate Judge Tinsley filed proposed findings of fact and recommendations for disposition (the "PF&R"), in which he recommends dismissing the Petition on the merits, denying

the Requests for Attorney and Funding and the Request for Hearing, and dismissing this action from the Court's docket. (ECF No. 18.) Petitioner filed two separate objections to the PF&R (together, the "Objections"), on July 1, 2016, (ECF No. 36), and July 21, 2016,[1] (ECF No. 37).

For the following reasons, the Court **LIFTS** the stay in this case, **OVERRULES** Petitioner's Objections, (ECF Nos. 36 & 37), **ADOPTS IN PART** the PF&R to the extent that Magistrate Judge Tinsley recommends denying the Petition, the Requests for Attorney and Funding, and the Request for Hearing, (ECF No. 18), **GRANTS** Respondent's Request to Dismiss, (ECF No. 29 at 6–7), **DENIES** the Petition, (ECF No. 1), Petitioner's Requests for Attorney and Funding, (ECF No. 4 at 2–3), and Request for Hearing, (ECF No. 5 at 1), and **DISMISSES** this action.

## I.   *Background*

"On December 7, 1995, [Petitioner] was one of five defendants indicted on charges related to a drug conspiracy." (ECF No. 18 at 1.) Subsequently, Petitioner "engag[ed] police in a high speed chase through residential areas of Charleston," West Virginia and, after exiting his vehicle, Petitioner "fell off a cliff and injured his back." *United States v. Little*, 122 F.3d 1064, at *1 (4th Cir. 1997). Petitioner "was hospitalized for approximately one week due to his injuries." *Id.* While he was hospitalized, Petitioner made "several incriminating statements to police officers which he later sought to suppress." *Id.* Following a two-day hearing, the court "found and concluded" that Petitioner's "statements were voluntary and . . . admissible at trial under the requirements of 18 U.S.C. § 3501" and denied Petitioner's motion to suppress these statements. (ECF No. 1 at 28.) A jury ultimately found Petitioner guilty on four counts, *United States v. Little*, Criminal Action No.

---

[1] The Court notes that the two Objections appear to be materially identical and include only minor grammatical differences. (*See* ECF Nos. 36 & 37.)

2:95-cr-00198-2, ECF No. 131 (S.D. W. Va.), and the court sentenced Petitioner to three life sentences and a concurrent five-year term of incarceration, *see id.*, ECF No. 152. On appeal, the Fourth Circuit affirmed Petitioner's convictions and sentences. *Little*, 122 F.3d at *4.

On February 16, 1999, Petitioner filed a petition to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. *Little*, Criminal Action No. 2:95-cr-00198-2, ECF No. 356. The district court denied this petition in September 1999, *id.*, ECF No. 374, and the Fourth Circuit dismissed Petitioner's appeal of the district court's ruling in February 2000, *United States v. Little*, 205 F.3d 1335, at *1 (4th Cir. 2000).

On November 29, 2012, Petitioner filed the instant Petition, in which Petitioner requests that the Court grant a writ of *audita querela*. (ECF No. 1.) Petitioner asserts that the grant of this extraordinary writ is warranted in this case because (1) the district court improperly admitted Petitioner's incriminating statements to officers during his hospitalization, as Petitioner was medicated, had memory loss, and was suffering from a concussion when he gave these statements; and (2) subsequent to Petitioner's conviction, the Supreme Court held in *Dickerson v. United States*, 530 U.S. 428 (2000) that the statute the district court relied on in admitting Petitioner's incriminating statements—18 U.S.C. § 3501—impermissibly conflicted with the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966). (*See* ECF No. 1.) Petitioner then submitted the Requests for Attorney and Funding, (ECF No. 4 at 2–3), and the Request for Hearing, (ECF No. 5 at 1), in separate letters filed on the docket for this case in December 2012.

On January 28, 2016, Magistrate Judge Tinsley filed the PF&R, in which he recommends dismissing the Petition on the merits, denying the Requests for Attorney and Funding and the Request for Hearing, and dismissing this action. (ECF No. 18.) By its order entered on February

3

24, 2016, the Court ordered Respondent "to respond to the Petition and . . . the PF&R" and stayed this case "to provide an opportunity for [Respondent] to file its briefing" and "for Petitioner to . . . file his objections to the PF&R and any response to [Respondent's] briefing." (ECF No. 23 at 1– 2.) On April 22, 2016, Respondent filed the Request to Dismiss, in which it asserts, in part, that a writ of *audita querela* is not the appropriate device for Petitioner to challenge his convictions. (ECF No. 29 at 2–4.) By its order entered on April 28, 2016, the Court notified Petitioner "that he may respond to [Respondent's] [R]equest to [D]ismiss." (ECF No. 30 at 2.) In July 2016, Petitioner filed his Objections, in which he responds to both the Request to Dismiss and the PF&R. (*See* ECF Nos. 36 & 37.) As such, the PF&R, the Petition, and the Request to Dismiss are all fully briefed and ready for disposition.

## II.  Discussion

In the PF&R, Magistrate Judge Tinsley recommends dismissing the Petition on the merits. (*See* ECF No. 18.) While the Court agrees with this recommendation insofar as the Magistrate Judge recommends denying the Petition, it finds that reaching the merits of the Petition is inappropriate in this case. Instead, the Court concurs with Respondent that the Petition should be denied because it is the incorrect vehicle for Petitioner to raise the claims in the Petition. (*See* ECF No. 29 at 2–4.)

"The writ of *audita querela* is a common law writ dating from the reign of Edward III . . . ." *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). "At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment." *United States v. Hairston*, Criminal Action No. 3:00–CR–24–1, 2009 WL 891929, at *2 (N.D. W. Va. Mar. 30, 2009) (quoting *United*

*States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001)). "Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished the application of the writ of *audita querela* to civil judgments in 1948." *Miller*, 599 F.3d at 487 (citation omitted). However, in *United States v. Morgan*, the Supreme Court "held that the writ of *coram nobis*, which Rule 60(b) also had abolished in civil cases, was still available in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a)." *Id.* (citing 346 U.S. 502 (1954)). *See generally* 28 U.S.C. § 1651(a) (providing that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Following the Supreme Court's decision in *Morgan*, numerous courts of appeals have "acknowledged . . . that the writ of *audita querela might* also survive in criminal adjudications." *Miller*, 599 F.3d at 487–88 (citations omitted).

Insofar as the writ of *audita querela* survives, "it can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Id.* at 488; *see also Hairston*, 2009 WL 891929, at *2 (stating that a writ of "*audita querela* is potentially available 'where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and . . . is not redressable pursuant to another post-conviction remedy'" (first alteration in original) (quoting *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995))). "Nonetheless, such common law writs survive only to the extent that they 'fill the gaps' in the current system of federal post-conviction relief." *Hairston*, 2009 WL 891929, at *2 (citing *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997)). Given the discussion of 28 U.S.C. § 2255, *infra*, the Court finds these gaps difficult to envision.

5

Regardless of whether this extraordinary writ survives to this date, the Court finds that the writ of *audita querela* is not available to Petitioner for the claims he alleges in the Petition. As noted by the Supreme Court, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute" and "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (first alteration in original) (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). As such, "prisoners may not resort to such writs when their challenges would be cognizable under § 2255 or to otherwise circumvent the statutory limits on collateral attacks." *Ortiz v. United States*, 555 F. App'x 261, 262 (4th Cir. 2014) (citations omitted).

In this case, both of Petitioner's claims challenge the district court's admission of his potentially inculpatory statements and, as such, also challenge his convictions. (*See* ECF No. 1; *see also id.* at 20 (requesting a new trial).) Such claims are properly considered as collateral attacks on Petitioner's convictions and are cognizable under 28 U.S.C. § 2255. As Section 2255 provides a statutory mechanism that covers Petitioner's claims, he may not avail himself of a petition for a writ of *audita querela* to pursue these claims. *See, e.g.*, *Ortiz*, 555 F. App'x at 262.

Petitioner nonetheless argues that a Section 2255 motion would be "obsolete," as he may not be successful if he pursued this habeas remedy. (ECF No. 36 at 8; ECF No. 37 at 8.) However, "[t]he fact that a habeas petitioner cannot meet the procedural requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable." *Jones v. United States*, Civil Action No. 2:10–cv–00130, 2011 WL 740734, at *1 (S.D. W. Va. Feb. 23, 2011) (citing *United States v. Gibson*, 389 F. App'x 230, 230 (4th Cir. 2010)). Nor is it unavailable if a § 2255

6

petition would be barred as untimely. *United States v. Payne*, 644 F.3d 1111, 1113 (10th Cir. 2011) (*coram nobis*); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (*coram nobis*). "Likewise, simply because a petitioner would be unsuccessful on the merits of his § 2255 petition does not render § 2255 an inadequate vehicle for presenting the claims to a court on collateral review." *Jones*, 2011 WL 740734, at *1 (citing *United States v. Aguilar*, 164 F. App'x 384, 384 (4th Cir. 2006)). As such, whether Petitioner would succeed in navigating the Section 2255 statutory requirements and obtain relief under this habeas vehicle is of no import in this analysis. Rather, the salient point is that "where, as here, a petition clearly challenges the validity of a petitioner's underlying [conviction], a § 2255 motion is the appropriate legal proceeding to request relief." *Id.* (citing *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000)). In short, "Petitioner may not disguise his [second or] successive habeas petition as one seeking relief pursuant to the writ of *audita querela*." *McCrory v. United States*, Criminal Action No. 95-338, 2008 WL 5381358, at *2 (E.D. Pa. Dec. 23, 2008) (citations omitted).

For these reasons, the Court finds that a petition for a writ of *audita querela* is the inappropriate vehicle for Petitioner to raise the claims in the Petition.[2] As such, the Court finds that the Petition is properly denied.[3]

The Court further notifies Petitioner that, should he seek to pursue an additional motion pursuant to 28 U.S.C. § 2255, "he must obtain authorization from 'a panel of [the Fourth Circuit].'" *In re Vassell*, 751 F.3d 267, 268 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(h)); *see also* Rules Governing Section 2255 Proceedings, Rule 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). In particular, the Fourth

---

[2] In his briefing, Petitioner repeatedly asserts that he is "actually innocent" of the crimes for which he was convicted. (*See, e.g.*, ECF No. 36 at 15.) Of course, a showing of actual innocence is, in certain circumstances, a "gateway" claim that permits courts to consider otherwise barred claims. *See, e.g.*, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013) ("[A] prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error." (citing *House v. Bell*, 547 U.S. 518, 537–38 (2006))). *See generally Teleguz v. Zook*, 806 F.3d 803, 808 (4th Cir. 2015) ("[A]lthough a petitioner claims actual innocence, for example, for purposes of asserting a gateway innocence claim, such an innocence claim does not by itself provide a basis for relief." (citation omitted)). However, the Court does not address whether Petitioner's claims are barred in the instant Opinion. Instead, the Court finds that Petitioner's claims are properly brought pursuant to the post-conviction statutory scheme under 28 U.S.C. § 2255 and not the instant petition for a writ of *audita querela*. As such, the Court shall not address Petitioner's assertion of actual innocence herein and Petitioner may again raise this contention under the proper vehicle for the claims he raises in the Petition. *See, e.g.*, *United States v. Thomas*, Criminal No. 01–cr–00738–JF–1, 2011 WL 1475425, at *1–2 (E.D. Pa. Apr. 13, 2011) (denying the petitioner's petition for a writ of *audita querela*, in which the petitioner asserted that his conviction "should be vacated based on his actual innocence," because "§ 2255 covers motions to vacate a federal sentence or conviction" and the petitioner could not "obtain the relief he [sought] through a petition for writ of *audita querela*").

Furthermore, Petitioner attaches a declaration to his briefing alleging that he requested counsel during his December 1996 stay at Charleston Area Medical Center. (*See* ECF No. 1 at 22.) Following the line of reasoning above, the Court shall not address this assertion because the petition for writ of *audita querela* is an unsuitable channel for this claim. Petitioner may again raise this contention along with his other claims under the appropriate statutory scheme.

[3] As the Court denies the Petition because it is not the appropriate vehicle for Petitioner's claims, it also concurs with Magistrate Judge Tinsley's recommendations to deny the Requests for Attorney and Funding and the Request for Hearing. *See, e.g.*, *In re Wright*, 437 F. App'x 214, at *1 (4th Cir. 2011) (finding that a petition for a writ of *audita querela* was the inappropriate device to pursue the petitioner's claims and, as such, denying both the petition and the petitioner's motion for an evidentiary hearing); *United States v. Mimms*, Nos. 7:99CR00048, 7:00CR00022, 2009 WL 700415, at *1 (W.D. Va. Mar. 17, 2009) (finding that, as the petition for a writ of *audita querela* failed to state a "claim for relief, the court cannot find that appointment of counsel is warranted"); *cf.* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . .").

Circuit must certify the "second or successive motion" as containing: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)

### III.  Conclusion

For the foregoing reasons, the Court **LIFTS** the stay in this case, **OVERRULES** Petitioner's Objections, (ECF Nos. 36 & 37), **ADOPTS IN PART** the PF&R to the extent that Magistrate Judge Tinsley recommends denying the Petition, the Requests for Attorney and Funding, and the Request for Hearing, (ECF No. 18), **GRANTS** Respondent's Request to Dismiss, (ECF No. 29 at 6–7), **DENIES** the Petition,[4] (ECF No. 1), Petitioner's Requests for Attorney and

---

[4] On February 11, 2016, Petitioner filed a motion entitled "[Petitioner's] Motion to Produce All Documents by MDENT Officers that was [sic] Submitted from a January 1996 Writing to the Court Since the Accurancy [sic] is Important" (the "Motion to Produce"). (ECF No. 21.) By its order entered on February 24, 2016, the Court granted the Motion to Produce. (ECF No. 23 at 2.) Subsequently, before producing these documents, Respondent filed its response to the Petition. (ECF No. 29.) In its April 28, 2016 order, the Court found "that it is inappropriate for [Respondent] to produce the documents referenced in [the Court's] February 24, 2016 order until the Court determines whether the Petition should be dismissed on procedural grounds." (ECF No. 30 at 2.) The Court thus ordered Respondent "to not produce to Petitioner the documents referenced in the Court's February 24, 2016 order until otherwise directed by the Court." (*Id.*)

As provided herein, the Court finds that the Petition is properly denied because it is the inappropriate device for Petitioner's claims. The Court therefore also finds that the production of the documents referenced in the Court's February 24, 2016 order is unwarranted in this matter. Accordingly, the Court **VACATES** its February 24, 2016 order to the extent that the Court granted the Motion to Produce and directed Respondent to produce documents to Petitioner. (ECF No. 23 at 2.) Further, as the Petition is the inappropriate device for Petitioner's claims, the Court **DENIES** the Motion to Produce. (ECF No. 21.)

Additionally, on April 7, 2016, Petitioner filed a motion entitled "Motion for Further Discovery to Address Accurate Weighing of the Statements of Former MDENT Officer George Henderson III" (the "Motion for Further Discovery"), in which Petitioner requests that Respondent produce additional materials in this matter. (ECF No. 27.) As the Court denies the Petition on the grounds that it is the incorrect mechanism to pursue Petitioner's claims, it also **DENIES** the Motion for Further Discovery. (*Id.*)

Finally, on April 22, 2016, Respondent filed a Motion for Clarification and Request for Additional Time to Produce Documents, in which Respondent "moves this Court for clarification regarding the production of the documents requested by [P]etitioner and requests additional time to provide the requested documents" (the "Motion for Clarification"). (ECF No. 28 at 1.) As the Court denies the Motion to Produce, it also **DENIES AS MOOT** the Motion for Clarification. (ECF No. 28.)

Funding, (ECF No. 4 at 2–3), and Request for Hearing, (ECF No. 5 at 1), **DISMISSES** this action, and **DIRECTS** the Clerk to remove this case from the Court's docket.

> **IT IS SO ORDERED**.

> The Court **DIRECTS** the Clerk to send a copy of this Opinion to counsel of record and any unrepresented party.


ENTER:        September 27, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE